[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The 36 year old plaintiff wife has brought this action against the 37 year old defendant husband seeking a dissolution of their marriage which occurred in Boston, Massachusetts on March 14, 1975. Both parties have resided in Connecticut for over one year prior to this suit. The parties have the following children all issue of the marriage: Michael L. born August 21, 1976; Meghan J. born December 20, 1980 and Matthew R. born December 21, 1982. Both parties acknowledge that the marriage has broken down irretrievably.
The plaintiff is a registered nurse in charge of a doctor's office. The defendant is a member of the Borough of Naugatuck Fire Department and since 1987 has held the rank of Lieutenant. Both were students when they met and married.
The parties have agreed that the following orders may be incorporated in the judgment.
1. Joint legal custody is ordered with primary physical custody of the three children with the mother and reasonable visitation rights awarded to the defendant father.
2. The defendant is ordered to pay $70 weekly child support for each child, a total of $210 weekly. A wage withholding is ordered per Section 52-362, Connecticut General Statutes.
3. The defendant shall provide medical insurance coverage as available from his employer. Section 46b-84(c) applies to this order. The parties shall be equally responsible for any uninsured bill balances i.e. 50/50.
4. The defendant shall continue to maintain life insurance insuring his life on coverage provided by his employer naming the children as beneficiaries until the youngest attains majority.
5. The contents of the marital home are awarded to the plaintiff except for a desk to be given to the defendant.
The parties are at issue over the causes for the breakdown CT Page 10386 and the division of the remaining assets. The court concludes that the parties spent too much time working and not enough time with each other. The plaintiff was employed during the marriage and was able to complete her nursing courses in 1980. The defendant was not only a fireman doing 9 hour day tours and 13 hour night tours, but was an instructor at the five (5) fire schools located throughout the state. The defendant began a construction business, working primarily as an excavator, using a hydraulic excavating machine as his principal piece of equipment, which piece has a fair market value of about $25,000 and a debt of $22,000 owed on it.
The parties own a home located at 438 Gunntown Road, Naugatuck which was built in 1988 with the defendant acting as general contractor. The court accepts the plaintiff's expert as the more accurate with an opinion of $185,000 fair market value. The defendant's expert submitted a report (Defendant's Exhibit #1) which stated the market was "soft". She recommended a listing price of $199,900 with an eventual sale of at least $195,000. The house is encumbered by $148,000 first mortgage balance and a $6,600 second mortgage balance.
The plaintiff participates in a profit sharing plan of her employer in which she has accumulated $17,342.44. The plaintiff's expert, at the court's request, determined that an annuity purchased now with such sum, assuming 6-1/2% return, would pay plaintiff $374.68 beginning at age 55.
The defendant has a vested defined benefits pension plan which will pay $1,077.17 monthly to him commencing on October 1, 2009 when he becomes 55 years of age. Using the same 6-1/2% rate of return, the amount needed to invest now for such benefit is $47,272, (Plaintiff's Exhibit B).
Since both parties expressed interest in keeping the defendant's pension and the plaintiff's profit sharing account as separate property, the court finds that the defendant's pension value is $30,000 greater than plaintiff's account. The equity in the marital home is $30,000, one half of which is $15,000. The contents of the home are valued at $10,000 by the plaintiff and at $12,500 by the defendant. The court accepts the plaintiff's valuation, one half of which is $5,000. The defendant's business assets total $4,000 at present. He also has $2,500 in an I.R.A. account and $800 in a F.C.U. account.
Finally, the court concludes that both parties contributed to the marriage breakdown as discussed above, but when the defendant directed his attention to another woman in late 1990 and early 1991, the marriage breakdown then became irretrievable. CT Page 10387
Having reviewed the evidence in light of the statutory criteria, the court enters the following judgment.
A decree is entered dissolving the parties' marriage on the ground of irretrievable breakdown and the five provisions enumerated above are incorporated as part of the judgment.
6. The defendant's interest in 438 Gunntown Road, Naugatuck is awarded to the plaintiff who shall assume the mortgage balances thereon and hold the defendant harmless and indemnified in the event either mortgage holder begins collection or foreclosure.
7. The plaintiff shall retain her profit sharing account as her sole property.
8. The defendant shall retain his pension as his sole property
9. The defendant shall retain his excavating equipment, his business account, any accounts receivable, his I.R.A. account, and his F.C.U. account.
10. The plaintiff shall pay the liabilities listed on her financial affidavit.
11. The defendant shall pay the liabilities listed on his financial affidavit.
12. The plaintiff shall retain the 1986 Peugeot station wagon as her sole property.
13. The defendant shall retain the two motor vehicles listed on his financial affidavit as his sole property.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.